```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

WILLIAM M. GILLIARD,

    Plaintiff,

v.                      CASE NO. 8:11-CV-1563-T-17EAJ

ATHENA FUNDING GROUP,
INC., et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 12    Motion to Dismiss
Dkt. 14    Response

The First Amended Complaint includes Count I, for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681, willful non-compliance by Defendants, and Count II, for violation of FCRA, negligent non-compliance by Defendants. In Count I, Plaintiff seeks a judgment for damages against each Defendant for actual damages of $11,346.08, statutory damages, punitive damages, and attorney's fees and costs. In Count II, Plaintiff seeks a judgment for damages against each Defendant for actual damages of $11,346.08, and attorney's fees and costs.

Defendants move to dismiss the First Amended Complaint (Dkt. 8) for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiff opposes the Motion.

Case No. 8:11-CV-1563-T-17EAJ

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

Case No. 8:11-CV-1563-T-17EAJ

II. Discussion

Defendants move to dismiss because throughout the First Amended Complaint, Plaintiff refers to his credit report, but has not attached a copy of the credit report to the First Amended Complaint.

In the First Amended Complaint, Plaintiff Gilliard alleges that Plaintiff discovered Defendants' actions while doing a personal credit report check. (Dkt. 8, par. 12). The Court infers that Plaintiff Gilliard is a consumer, as defined in the FCRA, and is the person specifically identified in the consumer report prepared by the consumer reporting agencies.

Plaintiff alleges that Defendants initiated a "hard pull" of Plaintiff's credit report from credit reporting agencies without a permissible purpose, thereby reducing Plaintiff's credit score. Plaintiff alleges that Plaintiff does not have a contract with Defendants, has never done business with Defendants, nor has Plaintiff ever been in communication of any type with Defendants.

Plaintiff further alleges that Defendants, while operating under false representations, caused a judgment to be placed on Plaintiff's Experian and Equifax credit reports, harming Plaintiff by causing credit denials, credit delays, inability to apply for credit, loss of use of funds, mental anguish, humiliation, loss of reputation and attorney's fees and costs.

The Court understands the First Amended Complaint to mean that Defendants obtained Plaintiff's credit report from credit reporting agencies under false pretenses, and with the knowledge

3

Case No. 8:11-CV-1563-T-17EAJ

that their action was in violation of the FCRA.

After consideration, the Court finds that the First Amended Complaint states a claim in Count I and Count II. <u>Levine v. World Financial Network Bank</u>, 437 F.3d 1118 (11th Cir. 2006). Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 12) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 5th day of October, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record