UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM GILLIARD,

      Plaintiff,

v.                       CASE NO.  8:11-CV-1563-T-17EAJ

ATHENA FUNDING GROUP,
INC., et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


| | |
|---|---|
| Dkt. 43 | Notice |
| Dkt. 44 | Request for Judicial Notice |
| Dkt. 45 | Motion for Summary Judgment |
| Dkt. 48 | Response |
| Dkt. 50 | Motion for Summary Judgment |
| Dkt. 51 | Request for Judicial Notice |
| Dkt. 52 | Request for Judicial Notice |
| Dkt. 53 | Request for Judicial Notice |
| Dkt. 54 | Motion to Strike |
| Dkt. 56 | Motion to Strike |
| Dkt. 57 | Response |
| Dkt. 58 | Response |
| Dkt. 63 | Motion for Sanctions |
| Dkt. 64 | Notice |
| Dkt. 67 | Notice |
| Dkt. 68 | Notice |
| Dkt. 70 | Response |
| Dkt. 71 | Objection |


The Amended Complaint (Dkt. 8) in this case includes:

Count I      Violation of Fair Credit Reporting Act, 15 U.S.C. Sec. 1681
               Willful Non-Compliance

Case No. 8:11-CV-1563-T-17EAJ

      Count II      Violation of Fair Credit Reporting Act, 15 U.S.C. Sec. 1681
                       Negligent Non-Compliance

Pro Se Plaintiff William Gilliard and Defendants Athena Funding Group,
Inc.,Athena Funding Group Assets, LLC, Law Offices of Michael S. Taylor, P.A. and
Michael S. Taylor have filed cross-motions for summary judgment.

I.  Dkt. 44    Request for Judicial Notice

Defendants request that the Court take judicial notice of the court records of a
related case, Case No. 09-SC-197, Athena Funding Group Assets, LLC d/b/a The
Athena Funding Group, filed in the County Court of Hardee County, Florida. (Dkt. 43).

After consideration, the Court **grants** Defendants' request for judicial notice.

II. Dkt. 54  Motion to Strike

Defendants move to strike Plaintiff's Requests for Judicial Notice (Dkts. 51, 52,
53).
Plaintiff requests that the Court take judicial notice of statutes, of the meaning of "due
process," and Defendants' alleged business relationship.  To the extent that the
Requests for judicial notice are directed to facts which are not generally known or
capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned , Fed. R. Ev. 201(b), the Court will deem the Request
an additional argument incorporated in Pro se Plaintiff's Motion for Summary Judgment.

After consideration, the Court **denies** the Motion to Strike.

2

Case No. 8:11-CV-1563-T-17EAJ

III.  Dkt. 56    Motion to Strike

Defendants move to strike Plaintiff's Motion for Summary Judgment as untimely under the deadlines agreed to in the Case Management Report.  The Court did not enter a Case Management Order.  Therefore, the Court will deem the Motion to be timely.

After consideration, the Court **denies** the Motion to Strike.

IV.    Dkt. 45   Motion for Summary Judgment

Defendants move for entry of summary judgment as a matter of law on Counts I and II of the Amended Complaint.

Plaintiff Gilliard opposes Defendants' Motion, and has filed a Cross-Motion for Summary Judgment.

A.  Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

3

Case No. 8:11-CV-1563-T-17EAJ

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

      The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant.  See <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See <u>Anderson</u>, 477 U.S. at 248.  But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted."  <u>Id</u>. at 249-50.

B.  Statement of Facts

      In the Amended Complaint, Plaintiff Gilliard alleges that on June 30, 2011, Plaintiff Gilliard discovered violations of the Fair Credit Reporting Act by Defendants. Plaintiff Gilliard denies that he has a contract with Defendants, denies that Plaintiff has ever done business with Defendants, and denies that Plaintiff has ever been in communication of any type with Defendants.

      Plaintiff Gilliard further alleges that on July 13, 2009, Defendants initiated a hard pull of Plaintiff's credit report from Experian without permissible purpose.  Plaintiff Gilliard alleges that the hard pull caused his credit score to be reduced.

      Plaintiff Gilliard further alleges that Defendants have caused a judgment to be placed on Plaintiff's credit reports at Experian and Equifax, causing credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, and other damages.

      In Count I, Plaintiff Gilliard seeks a judgment for damages against each

4

Case No. 8:11-CV-1563-T-17EAJ

Defendant for actual damages of $11,346.08 and statutory damages, punitive damages, and attorney's fees and costs. In Count II, Plaintiff Gilliard seeks a judgment for damages against each Defendant for actual damages of $11,346.08, and attorney's fees and costs.

From the court records of the State Court case, the Court understands that Plaintiff Gilliard was served with process on August 29, 2009. Defendant Athena Funding Group Assets, LLC was granted leave to file an Amended Statement of Claim on May 17, 2010. In the Amended Statement of Claim, Athena Funding Group, LLC sued William Gilliard on:

Count I     Open Account
            Chase Bank USA, N.A./First USA account number
            XXXXXXXXXXXX6740
            Held by Athena through assignment

Count II    Action on Assigned Account

Count III   Open Account
            Chase Bank USA, N.A./First USA account number
            XXXXXXXXXXXX4437
            Held by Athena through assignment

Count IV    Action on Assigned Account

Athena Funding Group Assets, LLC filed its motion for summary judgment, with supporting affidavit, on July 15, 2010.   After a hearing, Summary Judgment was entered on October 19, 2010 in the total amount of $10,908.76, which included principal, interest and costs on the two credit card accounts, accruing interest at 6% per annum.   (Dkt. 43-1, p. 60).   The State Court denied William Gilliard's Motion to Vacate Judgment on June 21, 2011.

Plaintiff Gilliard alleges that Defendants are a furnisher of information under 15

Case No. 8:11-CV-1563-T-17EAJ

U.S.C. Sec. 1681s-2, and Defendants violated 15 U.S.C. Sec. 1681b(f) by obtaining
Plaintiff's consumer credit report without a permissible purpose under 15 U.S.C. Sec.
1681b, and willfully violated 15 U.S.C. Sec. 1681q, obtaining information under false
pretenses.

C. Discussion

1. Preliminary Issue

Plaintiff Gilliard moved to extend the time to file a case manage report, which
was granted, with leave to confer in person, by telephone, or by any other means.
(Dkts. 28, 29).   A case management report was filed on February 20, 2012.   The
case management report is signed by Plaintiff.   In the case management report,
Plaintiff agreed to a discovery deadline of May 1, 2012, and a dispositive motion
deadline of June 1, 2012.   The Court did not enter a case management order which
specifically notified the parties of the pretrial deadlines as to the close of discovery,
dispositive motions, and mediation.   The Court notes that Defendants filed a motion for
summary judgment on June 1, 2012, and Plaintiff filed a motion for summary judgment
on June 8, 2012.

The Court approves the pretrial discovery deadline of May 1, 2012 and the
dispositive motion deadline of June 1, 2012.   Plaintiff and Defendants knew of the
deadlines and complied with them.   Plaintiff was not prejudiced because a case
management order was not entered; the Court denied Defendants' Motion to Strike and
will consider Plaintiff's Cross-Motion for Summary Judgment.

Plaintiff Gilliard argues that summary judgment is not proper where discovery
has not yet been closed.   The Court notes that the need for additional discovery did
not prevent Plaintiff from filing Plaintiff's Motion for Summary Judgment.  Plaintiff

6

Case No. 8:11-CV-1563-T-17EAJ

Gilliard does not explain how additional discovery is  necessary to permit Plaintiff to respond to Defendants' Motion for Summary Judgment.

2.   Count I     Violation of Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, Willful Non-Compliance

Defendants contend that Defendants, as Plaintiff's creditor, or as being in the employ of Plaintiff's creditor, have authority under 15 U.S.C. Sec. 1681b(3)(A) to a "hard pull" of Plaintiff's credit report. (Dkt. 17, Affirmative Defenses).  Defendants argue that Defendants' status as a creditor of Defendant was resolved in Defendants' favor in the related state court case, that the prior state court judgment is res judicata as to Defendants' status, and Plaintiff is collaterally estopped from denying that Defendants are his creditor.  Defendants state that Plaintiff has alleged that Defendants are intertwined and has sued all of the Defendants under the theory that the pulling of his credit report by one Defendant was an act committed by all Defendants.

Res judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the parties. Under the Full Faith and Credit Act, 28 U.S.C. Sec. 1738, a federal court must give preclusive effect to a state court judgment to the same extent as would the courts of the state in which the judgment was entered.   A judgment on the merits between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction is conclusive.  Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla. 1984).    For the purpose of determining res judicata, a case is the same if it arises from the same nucleus of operative facts.  Borerro v. United Healthcare of New York, Inc., 610 F.3d 1296, 1306-11 (11th Cir. 2010)(comparing methods).  Where two cases involve proof of different facts and require different evidence, they are not the same.

The Court has taken judicial notice of the court records of Case No. 09-SC-197, Hardee County Court.  Those records show the following:

Case No. 8:11-CV-1563-T-17EAJ

Plaintiff William Gilliard is the debtor on two separate credit card accounts originated by Chase Bank USA, N.A./First USA ("Chase"). The two credit card accounts were closed by Chase and assigned to Defendant Athena Funding Group Assets, LLC. The Amended Statement of Claim contained two counts sounding in "Open Account" and two counts sounding in "Action on Assigned Account."

Plaintiff William Gilliard was represented by counsel and participated in the litigation. The State Court granted summary judgment on October 20, 2010 in favor of Athena Funding Group Assets, LLC and against William Gilliard.   After entry of summary judgment, William Gilliard filed a motion to vacate judgment which, after hearing, was denied by the State Court on June 21, 2011.

Defendants state that William Gilliard did not appeal the State Court summary judgment and the period to file such an appeal has long since expired.   The Court notes that there is no notice of appeal in the court records.

Defendants argue that the parties have already litigated the issue of William Gilliard's indebtedness, and the issue was resolved in favor of Defendants.  Defendants argue that, as creditors, Defendants were within their rights under 15 U.S.C. Sec. 1681b (a)(3) (A) to a "hard pull" of Plaintiff's credit report in review of collection of Plaintiff's unpaid accounts.

15 U.S.C. 1681b(a)(3)(A) provides:

§ 1681b. Permissible purposes of consumer reports

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

Case No. 8:11-CV-1563-T-17EAJ

......

(3) To a person which it has reason to believe--

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.......

Defendants further argue that Plaintiff Gilliard is collaterally estopped from denying his indebtedness to Defendants.

Under Florida law, collateral estoppel applies if: 1) an identical issue; 2) has been fully litigated; 3) by the same parties or their privies, and 4) a final decision has been rendered by a court of competent jurisdiction.   Quinn v. Monroe County, 330 F.3d 1320, 1328-29 (11th Cir. 2003).  A privy is one who is identified with the litigant in interest.  Progressive American Ins. Co. v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987).  This includes participants in the action but not technically parties, and persons virtually but not actually represented by the party of record. Id.

The State Court Judgment was granted to Defendant Athena Funding Group Assets, LLC d/b/a The Athena Funding Group as owner of the two credit card accounts. There are records which reflect that Chase sold the credit card accounts to Dodeka, LLC on February 13, 2009, and Dodeka, LLC sold the accounts to Athena Funding Group, Inc. on March 19, 2009. (Dkt. 43-12, pp. 27-31, p. 41-47).  Athena Funding Group, Inc. sold the accounts to Athena Funding Group Assets, LLC on May 15, 2009. (Dkt. 43-1, p. 39, pp. 48-54).

Assuming that Defendants did obtain Plaintiff's credit report in July, 2009, at that time Athena Funding Group Assets, LLC  owned the accounts, and therefore obtained it for a permissible purpose under 15 U.S.C. Sec. 1681b(a)(3)(A) and not under false

9

Case No. 8:11-CV-1563-T-17EAJ

pretenses, 15 U.S.C. Sec. 1681q.

Plaintiff William Gilliard is collaterally estopped from contesting Defendants' status as owner of the two accounts.   The Court concludes that summary judgment is due to be granted in favor of Defendants as to Count I and Count II of the Amended Complaint.  Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment (Dkt. 45) is **granted**, and Plaintiff's Motion for Summary Judgment (Dkt. 50) is **denied**.  The Requests for Judicial Notice are **granted**.  The Motions to Strike are **denied**.  The Clerk of Court shall enter a final judgment in favor of Defendants and against Plaintiff, and close this case

**DONE and ORDERED** in Chambers, in Tampa, Florida on this ___ day of March, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

10